UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JIE DING,

        Petitioner,               Case No. 1:26-cv-159

v.                                    Honorable Paul L. Maloney

KRISTI NOEM et al.,

        Respondents.
_____/

## **ORDER**

      This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on February 17, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 6, 7.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 6, 7.)

      On February 24, 2026, Petitioner filed a motion to enforce judgment. (Mot., ECF No. 8.) In this motion, Petitioner argues that at the bond hearing the Immigration Judge improperly put the burden of proof on Petitioner to prove that he was not a flight risk or a danger to the community. (*Id*., PageID.68–74.) In light of this, Petitioner asks this Court to order his immediate release from custody or a new bond hearing. (*Id*., PageID.68.)

The next day, Respondents filed a status report indicating that a bond hearing had been held on February 24, 2026, and that at the hearing, the Immigration Judge had denied Petitioner bond. (Status Report, ECF No. 9 (citing Immigration Judge Order, ECF No. 10-1).) In the order stemming from that hearing, the Immigration Judge stated that "[t]he burden of proof lies with [Petitioner.]" (Immigration Judge Order, ECF No. 10-2.)

In Petitioner's motion to enforce judgment, Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's February 17, 2026, Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's February 17, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's February 17, 2026, Opinion and Judgment. Therefore, the Court will deny Petitioner's motion to enforcement judgment. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's February 17, 2026, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to enforce judgment (ECF No. 8) is **DENIED**.

Dated:  March 4, 2026                    /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         United States District Judge